1 | **MICHAEL D. McLEAN**
**PATRICK T. GALLAGHER**
2 | **DENNY K. PALMER**
WALL, McLEAN & GALLAGHER, PLLC
3 | P.O. Box 1713
Helena, MT 59624
4 | (406) 442-1054
mmclean@mlfpllc.com
5 | pat@mlfpllc.com
denny@mlfpllc.com
6 |
**ATTORNEYS FOR PLAINTIFFS**
7 |

PARK COUNTY CLERK
OF DISTRICT COURT

2017 JAN 19   AM 11 49

FILED
BY _MOLLY BRADBERRY_
DEPUTY

8 |

**MONTANA SIXTH JUDICIAL DISTRICT COURT, PARK COUNTY**

9 | * * * * *

10 | **CRAIG ARNOLD, PAUL GRUDEK, HANK**
11 | **SCHMIDT, DAN WERTZ, KEITH WHITMAN,**
**HOOVER & ASSOCIATES, LLC, TIGER EYE**
12 | **& ASSOCIATES, LLC, ELDER/SCHMIDT-THE**
**SECURITY CONSULTANT GROUP, LLC,**
13 | **WERTZ, LLC, and K WHIT SERVICES, LTD,**

CAUSE NO. DV-17-9

Honorable HON. BRENDA R. GILBERT

14 | Plaintiffs,

**COMPLAINT**
**AND**
**JURY DEMAND**

15 | v.

16 | **IRONGATE SERVICES, LLC, PHILIP**
**MORRIS USA, INC., CRAZY MOUNTAIN**
17 | **RANCH, ALTRIA GROUP DISTRIBUTION**
**COMPANY, KMG IRONGATE GROUP, L.P.,**
18 | **and JOHN DOES A-Z,**

19 | Defendants.

-----------------------------------------------------

20 | COME NOW, the above-named Plaintiffs, by and through their attorneys of record, Wall,

21 | McLean & Gallagher, PLLC, and for their Complaint against the Defendants, state and allege

22 | as follows:

23 | **PARTIES AND JURISDICTION**

24 | 1.    Craig Arnold ("Mr. Arnold") is an individual residing in Overland Park, Kansas.

25 | Mr. Arnold began his employment with Defendants in 2006.  Mr. Arnold is the managing

1  member of Hoover & Associates, LLC ("Hoover"), a limited liability company organized and

2  existing under the laws of the State of Kansas, and authorized to do business in the State of

3  Montana.

4      2.      Paul Grudek ("Mr. Grudek") is an individual residing in Estero, Florida.

5  Mr. Grudek began his employment with Defendants in 2010.  When Mr. Grudek began his

6  employment, he was the managing member of Eagle Eye and Associates, LLC ("Eagle Eye") a

7  limited liability company.  At the time his employment ended, Mr. Grudek was the managing

8  member of Tiger Eye & Associates, LLC ("Tiger Eye"), a limited liability company organized and

9  existing under the laws of the State of Florida, and authorized to do business in the State of

10  Montana.

11      3.      Hank Schmidt ("Mr. Schmidt") is an individual residing in Leavenworth, Kansas.

12  Mr. Schmidt began his employment with Defendants in 2003.  Mr. Schmidt is the managing

13  member of Elder/Schmidt-The Security Consultant Group, LLC ("Elder/Schmidt"), a limited

14  liability company organized and existing under the laws of the State of Kansas, and authorized

15  to do business in the State of Montana.

16      4.      Dan Wertz ("Mr. Wertz") is an individual residing in Clyde Park, Montana.

17  Mr. Wertz began his employment with Defendants in 2006.  Mr. Wertz is the managing member

18  of Wertz, LLC ("Wertz"), a limited liability company organized and existing under the laws of the

19  State of Montana.

20      5.      Keith Whitman ("Mr. Whitman") is an individual residing in Naperville, Illinois.

21  Mr. Whitman began his employment with Defendants in 2007. Mr. Whitman is the majority

22  shareholder of K Whit Services, LTD ("K Whit Services"), a corporation organized and existing

23  under the laws of the State of Illinois, and authorized to do business in the State of Montana.

24      6.      Irongate Services, LLC ("Irongate") is a limited liability company organized and

25  existing under the laws of the State of Texas.

7.     KMG Irongate Group, L.P. ("Korman"), formerly known as Korman Marketing Group, L.P., is a limited partnership existing under the laws of the State of Texas.

8.     Philip Morris USA, Inc. ("Philip Morris") is a corporation whose principal place of business is within the City of Richmond, State of Virginia, and who does business within the State of Montana. Based upon information and belief, Philip Morris is the entity which formerly owned and caused to be filed with the Montana Secretary of State its former assumed business name, Crazy Mountain Ranch.

9.     Crazy Mountain Ranch ("CMR") is a high-end guest resort operation located in or around Clyde Park, Montana. Upon information and belief, Philip Morris owns and operates CMR and causes the Plaintiffs' contracts of employment to be performed at that location.

10.    Altria Group Distribution Company ("Altria") is a corporation whose principal place of business is within the City of Richmond, State of Virginia, and who does business within the State of Montana.

11.    John Does A-Z are fictitious Defendants and are named in the event that discovery reveals their identity(ies).

12.    Jurisdiction is proper in this Court pursuant to Rule 4(b) of the Montana Rules of Civil Procedure and pursuant to Mont. Code Ann. § 39-2-206. Jurisdiction in this Court is also proper under the provisions of 29 U.S.C. § 216(b). Venue is proper in this Judicial District pursuant to sections 25-2-121, -122, and -124, MCA.

## FACTUAL ALLEGATIONS

13.    Defendants were, at all times relevant hereto, Plaintiffs' employer, as defined in Mont. Code Ann. § 39-3-201(3), (5) and 29 U.S.C. § 203(d).

14.    Plaintiffs were, at all times relevant hereto, "employees" as that term is defined in Mont. Code Ann. § 39-3-201(4) and 29 U.S.C. § 203(e), and were "employed" by Defendants as that term is defined in Mont. Code Ann. § 39-3-201(3) and 29 U.S.C. § 203(g).

1     15.    Plaintiffs were, at all relevant times hereto, "engaged in commerce" as that term

2  is defined in 29 U.S.C. § 203(s).

3     16.    Plaintiffs were employed by Defendants to provide, in general terms, security

4  services for Defendants' high-end guest operation located in or around Clyde Park, Montana.

5     17.    Over the course of years, each Plaintiffs' respective employment schedule with

6  Defendants would occur in several continuous week-long blocks of time, usually in three week

7  continuous shifts at CMR, with several week-long breaks in between.

8     18.    Plaintiffs would each be paid a daily wage or rate for each day that they were

9  employed within the several week-long shift at CMR.

10     19.    Defendants paid Plaintiffs 1.5 times the regular contracted daily amount on

11  certain holidays, but not all holidays.

12     20.    Defendants did not pay Plaintiffs 1.5 times the amount of their regular wage for

13  overtime hours that Plaintiffs worked.

14     21.    Plaintiffs were not employed in a bona fide executive, administrative, or

15  professional capacity.

16     22.    Starting in approximately 2010, as a condition of their employment, Defendants

17  required Mr. Arnold, Mr. Grudek, Mr. Schmidt, Mr. Wertz, and Mr. Whitman to each create,

18  establish and maintain a limited liability company and to be classified as independent

19  contractors with the purpose of evading various Montana and Federal employment laws,

20  including, but not limited to, minimum and overtime wage requirements, workers compensation

21  insurance, and unemployment insurance requirements.

22     23.    Despite requiring Mr. Arnold, Mr. Grudek, Mr. Schmidt, Mr. Wertz, and

23  Mr. Whitman to each create, establish and maintain a limited liability company, Defendants did

24  not compensate or reimburse them for these required expenses, including reimbursing them for

25  ///

1    their legal costs and for their filing fees and other expenses which were required as a condition

2    of employment.

3        24.    Plaintiffs were paid a flat daily rate for their employment. Due to Defendants'

4    unlawful employment requirements, Plaintiffs were unlawfully taxed twice on their wages: once

5    when their respective business entities accepted payment from Defendants and a second time

6    when Plaintiffs received their distribution from their respective business entities.

7        25.    Plaintiffs' employment contract with Defendants contained numerous pages of

8    specific duties that they were required to perform, and Defendants retained a high degree of

9    control over Plaintiffs' duties and over their day-to-day responsibilities.

10       26.    The duties required by Defendants provided little to no independent thought or

11   action on the part of Plaintiffs.

12       27.    Defendants required that Plaintiffs wear specific uniforms during their

13   employment which were provided by Defendants.

14       28.    Through their employment, Defendants provided Plaintiffs with radios, vehicles

15   and weapons. Defendants required that Plaintiffs participate in weapons training. Defendants

16   provided said weapons training for Plaintiffs.

17       29.    Through their employment, Defendants required Plaintiffs to provide emergency

18   medical treatment and care to CMR guests and clients. Defendants required that Plaintiffs

19   participate in medical training for this condition of employment. Defendants similarly provided

20   said medical training for Plaintiffs.

21       30.    The Plaintiffs were never relieved of their duties during their periods of work and

22   were required to respond to any work related questions, issues, emergencies, calls or otherwise

23   during their several week-long work periods.

24       31.    Plaintiffs were required to remain on CMR property for several continuous weeks

25   during their employment and were required to receive permission prior to leaving the CMR

1  property.  This resulted in Plaintiffs accruing many hours of overtime work for which they were

2  not compensated by Defendants.

3      32.     Defendants treated Plaintiffs differently from other individuals that were classified

4  as employees.  For example, "Ranch Fire" employees would operate under the same or similar

5  constraints as Plaintiffs' employment, yet would receive payment for two shifts every day and

6  would receive holiday pay for numerous federal holidays.

7      33.     Defendants required that Plaintiffs be classified as the "4th Man" for Ranch Fire.

8  As a cost cutting measure, Defendants reduced Ranch Fire from four individuals to three.

9  However, in order to maintain accreditation as a fire service for CMR and for insurance

10  purposes, Defendants required that Plaintiffs be trained as the "4th Man" of Fire Ranch, thus

11  requiring, in the event of emergency, that Plaintiffs assist with fighting a fire on the ranch or

12  other similar emergency.  Despite these additional requirements and responsibilities placed on

13  Plaintiffs, Defendants did not compensate Plaintiffs for those additional responsibilities and did

14  not pay them for their overtime work.

15      34.     Although classified as an independent contractor and acting through their

16  respective limited liability companies, Mr. Arnold, Mr. Grudek, Mr. Schmidt, Mr. Wertz, and

17  Mr. Whitman were, in fact, employees due to the onerous control retained by Defendants and

18  the multitude of requirements levied by Defendants.

19      35.     By classifying Plaintiffs as independent contractors, Defendants saved a

20  significant amount of money by not having to pay personnel benefits due to Plaintiffs, and

21  bypassing financial obligations which would be due to federal and state agencies.

22      36.     Plaintiffs ended their employment with Defendants on or about July 28, 2016.

23                               **COUNT I**
                **Wage Claim Under Montana Minimum Wage and Wage Protection Act**

24      37.     Each and every allegation contained in paragraphs 1 through 36, inclusive, are

25  incorporated by reference as if fully set forth herein.

38.     The Montana Minimum Wage and Wage Protection Act ("WPA") ensures workers a minimum living standard by setting minimum hourly wages and maximum allowable work hours per week.  Defendants' conduct, as stated herein, is a violation of the WPA.

39.     Plaintiffs bring this action against their employers for unpaid overtime compensation, liquidated damages, and for other relief allowed under the WPA.

40.     The Defendants' contracts with Plaintiffs violate, evade and circumvent the provisions of Title 39, Chapter 3, Part 2, are therefore unlawful and void under Mont. Code Ann. §§ 28-2-702 and 39-3-208.

41.     The Defendants have forced the Plaintiffs to work for more than 40 hours per week and the Defendants have refused to pay the Plaintiffs 1.5 times their hourly wage, when broken down from a daily wage, for those hours in excess of 40 hours per week.  The Defendants actions are in violation of Section 39-3-405, MCA.

42.     The Plaintiffs are entitled to recover their regular wages, overtime wages and penalties in accordance with sections 39-3-206, -207, -214, -405 and -407, MCA.  Specifically, Plaintiffs are entitled to three years of compensatory wages and/or overtime wages and the 110% penalty for the Defendants' repeated violations.  Additionally, Plaintiffs are entitled to court costs and attorneys fees.

43.     Plaintiffs have sought to raise this issue with their supervisors on several occasions and they have refused to discuss this issue.  Plaintiffs have not sought administrative remedies in this case but rather elect to file this action in this district court as they are entitled under Montana law.

### COUNT II
**Wage Claim Under the Federal Fair Labor Standards Act**

44.     Each and every allegation contained in paragraphs 1 through 43 , inclusive, are incorporated by reference as if fully set forth herein.

///

45.     Plaintiffs bring this action against their employer for unpaid overtime compensation, liquidated damages, and for other relief allowed under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

46.     Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides for bringing a civil action in any federal or state court of competent jurisdiction by any one or more employees to recover unpaid compensation and liquidated damages owed by reason of violation of the substantive provisions of the FLSA.  Injunctive and declaratory relief is also available.

47.     The FLSA requires employers, including Defendants, to provide overtime compensation at one and one-half times their employees' normal rate of pay for all hours worked by their nonexempt employees in excess of a 40 hour work week.  29 U.S.C. § 207.

48.     During the Plaintiffs' respective employment, including three years prior to and continuing until July 28, 2016, Defendants willfully failed to compensate Plaintiffs at one and one-half times their regular rate of pay for all overtime hours worked.

49.     Plaintiffs are non-salaried employees whose job duties entitle them to the rights of the FLSA's overtime provisions.

50.     Plaintiffs' jobs do not meet the requirements necessary to allow Defendants to claim an exemption from the overtime provisions of the FLSA.  Plaintiffs' duties are not executive, administrative or professional in nature as those terms are defined by the FLSA.

51.     Plaintiffs routinely worked overtime hours for which they failed to receive overtime compensation at one and one-half times their regular rate of pay.

52.     Defendants have acted and continue to act knowingly and willfully in violating clear requirements of the FLSA.

53.     The Defendants' refusal to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay for hours worked over 40 in any work week violates the FLSA, 29 U.S.C. §§ 207 and 215, and its accompanying regulations.

54.    Defendants' failure to properly compensate Plaintiffs for overtime hours worked is a willful and knowing violation of the FLSA.

55.    As a result of Defendants' willful failure to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay, the Plaintiffs have incurred substantial damages for which they are entitled to compensation.

56.    Plaintiffs are entitled to recover their regular wages, overtime wages, liquidated damages, penalties, interest, attorney's fees and costs in accordance with the FLSA, including pursuant to 29 U.S.C. § 216.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court award them:

1.    All compensatory damages and liquidated damages against Defendants in an amount to be determined by the Court;

2.    Overtime wages and the 110% penalty for the non-payment of overtime wages and other damages allowed by law as proven at trial from the Defendants;

3.    Pre- and post-judgment interest on all such amounts to the extent permitted by law;

4.    Costs, expenses, disbursements, and attorneys' fees incurred by Plaintiffs in these proceedings as and to the extent permitted by law, including section 39-3-214, MCA, and 29 U.S.C. § 216; and

5.    For such other relief to which Plaintiffs are entitled.

Dated this 18th day of January 2017.

WALL, McLEAN & GALLAGHER, PLLC

By _____
Michael D. McLean
P.O. Box 1713
Helena, MT 59624
ATTORNEYS FOR PLAINTIFFS

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand that all issues be tried before a jury.

Dated this 18th day of January 2017.

WALL, McLEAN & GALLAGHER, PLLC

By _____

Michael D. McLean
P.O. Box 1713
Helena, MT 59624

**ATTORNEYS FOR PLAINTIFFS**